IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ELVIN HAYDEN,<br><br>Plaintiff,<br><br>vs.<br><br>DIEOMATIC INCORPORATED d/b/a WILLIAMSBURG MANUFACTURING, ROGER RITCHIE, and AMY GEPHART,<br><br>Defendants. | No. C07-0058<br><br>ORDER ON MOTION FOR RECONSIDERATION OF RULING ON MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the Motion for Reconsideration of Ruling on Motion for Summary Judgment (docket number 23) filed by Defendants Dieomatic Incorporated d/b/a Williamsburg Manufacturing, Roger Ritchie, and Amy Gephart on July 25, 2008, and the Resistance (docket number 26) filed by Plaintiff Elvin Hayden on August 4, 2008.

## I. THE ARGUMENTS

Defendants argue that the standard found in *Griffith v. City of Des Moines*, 387 F.3d 733 (8th Cir. 2004)--that a plaintiff need only have sufficient evidence that unlawful discrimination was *a* motivating factor in a defendant's adverse employment action to avoid summary judgment--is not applicable in an ADEA claim. Defendants maintain that ADEA claims, instead, require a plaintiff relying on direct evidence to show that "an illegitimate factor played a *substantial role* in an adverse employment decision." *Gross v. FBL Financial Services, Inc.*, 526 F.3d 356, 360 (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 275 (1989) (O'Connor, J., concurring in judgment)). Defendants request that the Court reconsider its Ruling on Motion for Summary Judgment (docket number 22)

1

filed on July 18, 2008, as to whether Plaintiff offered "'direct evidence' which showed 'a specific link between the alleged discriminatory animus and the challenged the [sic] decision sufficient to support a finding by a reasonable fact finder that an illegitimate criteria actually motivated' the decision to terminate [Plaintiff] as required in *Price Waterhouse* and *Gross*."[1]

Plaintiff agrees with Defendants that under *Gross*, "a direct evidence case requires a showing by direct evidence that an illegitimate factor played a 'substantial role' in the employment decision." (*See* Plaintiff's Resistance to Defendants' Motion for Reconsideration of Defendants' Summary Judgment Motion at 1.) Plaintiff asserts, however, that the affidavit of Kenneth Jackson ("Jackson"), a former Production Shift Leader at Defendant Williamsburg Manufacturing, provides direct evidence that age played a "substantial role" in Defendants' decision to terminate him. According to Jackson's affidavit, Defendant Roger Ritchie ("Ritchie") told Jackson that Plaintiff "was old and slow so I fired him." Plaintiff argues that:

> Age was one of only two factors for the employment decisions and it was the first listed. Likewise being slow is a common stereotype associated with older people. In viewing the evidence in the light most favorable to the Plaintiff, giving Plaintiff the benefit of all reasonable inferences, it could easily be inferred that age played a substantial role in the decision to terminate Plaintiff.

(*See* Plaintiff's Resistance to Defendants' Motion for Reconsideration of Defendants' Summary Judgment Motion at 2.)

---

[1] *See* Defendants Motion for Reconsideration at 3. Defendants correctly state the description of direct evidence set forth in *Gross*. *See Gross*, 526 F.3d at 359 (Direct evidence is evidence that shows a "'specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated' the adverse employment action.") (quotation omitted).

2

## II. DISCUSSION

A claim of intentional age discrimination may be established either through direct evidence of discrimination or through circumstantial evidence. *Fitzgerald v. Action, Inc.*, 521 F.3d 867, 876 (8th Cir. 2008) (citing *Carraher v. Target Corp.*, 503 F.3d 714, 716 (8th Cir. 2007)). If a plaintiff presents direct evidence "'that an illegitimate factor played a substantial role' in the employment decision," then the Court employs the analytical framework set forth in *Price Waterhouse*. *Gross*, 526 F.3d at 359 (quotation omitted). Under *Price Waterhouse*, "[w]hen a plaintiff makes the requisite showing of direct evidence, the 'burden then rests with the employer to convince the trier of fact that it is more likely than not that the decision would have been the same absent consideration of the illegitimate factor.'" *Id.* (quoting *Price Waterhouse*, 490 U.S. at 276). If a plaintiff does not present direct evidence that an illegitimate factor played a substantial role in the employment decision, then the case should be decided under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Gross*, 526 F.3d at 360. Under the *McDonnell Douglas* analytical framework, "the burden of persuasion . . . remain[s] at all times with the plaintiff." *Id.*

Generally, "a district court should receive all of the evidence in a case, and then determine 'whether the *McDonnell Douglas* or *Price Waterhouse* framework properly applies to the evidence before it.'" *Id.* (quoting *Price Waterhouse*). In his briefs, however, Plaintiff relies solely on the affidavit of Jackson as direct evidence of discrimination to avoid summary judgment. As the Court indicated in its initial ruling on motion for summary judgment, Jackson's affidavit establishes direct evidence of discrimination. The statement--made by a decisionmaker--shows "a specific link between the alleged discriminatory animus and the challenged decision." *Id.* It then remains for the Court to determine whether the direct evidence is "sufficient to support a finding by a reasonable factfinder that an illegitimate criterion actually motivated" Defendants in their decision to fire Plaintiff. *Id.* The Court should have applied the "substantial role"

3

standard in making its summary judgment determination, instead of the "motivating factor" standard it initially applied.[2]

Applying the "substantial role" standard articulated in *Price Waterhouse* and *Gross*, the Court finds that Plaintiff has presented direct evidence that age played a "substantial role" and "actually motivated" Defendants' decision to terminate him. *See Gross*, 526 F.3d at 359. Specifically, Jackson's affidavit provides in pertinent part:

> We were talking and he said that he had to go and speak with an attorney about a lawsuit. I asked him what the lawsuit was about and he said that the lawsuit was about age discrimination. When asked what had happened, Mr. Ritchie responded by stating that '**He was old and slow so I fired him**', and that Mr. Ritchie did not need someone that was holding up his production.

(*See* Jackson's Statement, Plaintiff's Appendix (docket number 20-3) at 1.) (Emphasis added.) Ritchie's alleged statement was made after Plaintiff was fired and was directly related to the reason for his termination. Furthermore, Ritchie's alleged statement was not a stray remark in the workplace, a statement by a non-decision maker, or a statement by a decision maker unrelated to the employment decision itself. *See Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631, 635 (8th Cir. 1998) (quoting *Price Waterhouse*, 490 U.S. at 277 (O'Connor, J., concurring)). Ritchie's statement, if made by him, pointedly states that Plaintiff was terminated because of his age and because he was slow; thus directly reflecting that age played a substantial role in Defendants' decision to terminate Plaintiff. *See Gross*, 526 F.3d at 359. Therefore, the Court finds that a

---

[2] As the Court in *Gross* noted, however, the Eighth Circuit Court of Appeals "concluded in *Glover v. McDonnell Douglas Corp.*, 981 F.2d 388, 394-95 (8th Cir. 1992), that there was no material difference between the phrases 'substantial role' and 'motivating factor,' although *Glover* was vacated on other grounds by the Supreme Court, . . . and [the Eighth Circuit's] subsequent opinion in *Glover* did not expressly reaffirm the analysis of the previous opinion[.] . . . It is unnecessary to consider the issue here." *Gross*, 526 F.3d at 360, n. 1 (citations omitted).

reasonable fact finder could conclude that age "actually motivated" the decision to terminate Plaintiff. *Id*.

Under *Price Waterhouse* and *Gross*, when a plaintiff makes the requisite showing of direct evidence, the burden of persuasion shifts to the employer "to convince the trier of fact that it is more likely than not that the decision would have been the same absent consideration of the illegitimate factor." *Gross*, 526 F.3d at 359.[3] Defendants argue that Plaintiff was terminated for slow production, not because of his age. The Court, viewing the record in the light most favorable to Plaintiff, and affording him all reasonable inferences, finds that Ritchie's statement that Plaintiff was "old and slow so I fired him" creates a genuine issue of material fact as to whether Defendants would have terminated Plaintiff regardless of his age. Accordingly, the Court finds that summary dismissal of Plaintiff's claim is inappropriate. Therefore, Defendants' Motion for Reconsideration will be denied.

### III. ORDER

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration of Ruling on Motion for Summary Judgment (docket number 23) filed by Defendants is hereby **DENIED**.

DATED this 20th day of August, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[3] Although it should be noted that *Gross* was not a "direct evidence" case. *Gross*, 526 F.3d at 360 ("Gross conceded that he did not present 'direct evidence' of discrimination.").